PHILIP R. CLARK, Appellant, *v.* WILLIAM BAMER, Respondent.

(GENERAL TERM, EIGHTH DISTRICT, NOVEMBER, 1869.)

On the trial of an action to recover damages for false and fraudulent representations of soundness, on a sale of sheep, which turned out to be diseased, the plaintiff excepted to a charge " that if defendant knew facts tending to prove that the sheep were unsound, and fraudulently concealed those facts, he is liable," and requested the court to omit the word " fraudulently," which request was refused, with the remark that " the word fraudulently might be omitted and the jury might infer fraud; but there must be fraud."—*Held*, on appeal, that there was no error.

The doctrine of *Binnard* v. *Spring* (42 Barb., 470), in this respect re-affirmed.

APPEAL from a judgment entered upon a verdict. The facts appear in the opinion of the court.

*N. Morey*, for the appellant.

*Parker & Chamberlain*, for the respondent.

Present—MARVIN, LAMONT and BARKER, JJ.

By the Court—MARVIN, P. J. The action was for fraud, in fraudulently and falsely representing certain sheep to be

"all right every way;" that such representation was made with intent to deceive and defraud the plaintiff. The plaintiff, relying upon the representation, purchased the sheep (two in number); that they were infected with a contagious disease, known as the scab, and were worthless, &c.; and they communicated the disease to the plaintiff's other sheep.

The evidence given by the plaintiff tended to prove the allegations of the complaint, and the evidence given by the defendant tended to prove the contrary.

There was some evidence tending to prove that the defendant had some knowledge that the sheep were diseased, which he did not communicate to the plaintiff, or a knowledge of some circumstances, calculated to excite suspicion that the sheep were not all right; and which circumstances he did not communicate to the plaintiff, and evidence tending to prove the contrary.

The court charged the jury:

1st. "If the defendant represented that there was no disease about the sheep, or that they were 'all right,' and they were diseased, and the defendant knew it, then his representation was fraudulent, and he is liable.

2d. "If the defendant represented the sheep to be all right, knowing the representation to be false, or if he had no knowledge whether the sheep were sound or not, and no ground for the belief that they were sound, then the jury may infer that the representations were fraudulently made.

3d. "So, if the defendant positively asserted, as of his own knowledge, that the sheep were sound, or all right, and this affirmation was false, then the jury may infer that the representation was fraudulent.

4th. "If the defendant knew facts, tending to prove that the sheep were unsound, and he fraudulently concealed those facts, then he is liable.

5th. "If the jury find that the defendant had good reason to believe that the sheep were healthy and sound, and made the representations honestly and in good faith, and was

not guilty of any fraudulent concealments, then he is not liable."

The counsel for the plaintiff requested the court to leave out the word fraudulently, in the fourth proposition, relating to concealment, and charge the proposition without such qualification. The court refused, and the plaintiff's counsel excepted. The court remarked that the word "fraudulently," might be omitted, and the jury might infer fraud; but there must be fraud.

The verdict was for the defendant.

The *gravamen* of the action was fraud. It is evident that the charge in this case was carefully made in view of recent decisions by the Court of Appeals, in which the action for fraud, founded upon untrue representations, has been maintained, though the evidence failed to show directly the knowledge of the party making the representations that they were untrue. This knowledge or *scienter* has been inferred, or the jury from the character of the facts proved as stated in the cases has been permitted to pass upon the question of fraud, and to infer it. But the distinction between fraud and warranty has not been abrogated. It is still preserved. In this case the only complaint made of the charge by the plaintiff is, that the court upon the question of concealment put the case to the jury with the qualification that the concealment must have been *fraudulent*.

The charge is: "If the defendant knew facts tending to prove that the sheep were unsound, and fraudulently concealed these facts, then he is liable." The justice used the language of the books, and when his attention was called to the word fraudulently he remarked that it might be omitted, and the jury might infer fraud, but there must be fraud, there could have been no misapprehension. It was asserting that the gist of the action was fraud. If fraud had been excluded from the proposition, and the jury had found that the defendant knew facts tending to prove that the sheep were unsound and did not communicate such facts, then the verdict must have been against him; though the plaintiff might have

Clark *v.* Bamer.

known other facts tending to prove that the sheep were entirely sound and which fact satisfied his mind that they were sound and not diseased, and might have sold them in entire good faith, believing that there was no disease about them. No such proposition can be maintained. It would be extremly dangerous. I do not deem it necessary to pursue the question further. I had occasion in *Binnard* v. *Spring* (42 Barb., 470), to examine with some care the recent cases in the Court of Appeals, touching fraud in sales, and the text of Story generally cited, and the authorities upon which the proposition in Story was founded, and I showed or attempted to show that the rule that the *scienter* must be proved was not abrogated ; that the court or jury must find fraud; that fraud was the gist of the action, and that the distinction between fraud and warranty was preserved.

I am satisfied with the doctrine as laid down by Kent in his thirty-ninth lecture "Of the duty of mutual disclosures, (v. 2, p. 482.) He says: "If there be an *intentional* concealment or suppression of material facts in the making of a contract in cases in which both parties have not equal access to the means of information, it will be deemed unfair dealing and will vitiate and avoid the contract." Such *intentional* concealment would be a *fraudulent* concealment. Further on Kent says : "The *inference* of fraud is easily and almost inevitably drawn when there is a suppression or concealment of material circumstances, and one of the contracitng parties is, knowingly, suffered to deal under a delusion." The concealment must be intentional. There was no error in the charge of which the plaintiff can complain, and the judgment must be affirmed.

Judgment affirmed.